IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK BECKERMAN, | : | CIVIL ACTION |
| Plaintiff, | : | NO.  15-2045 |
| v. | : | |
| | : | |
| DON BAILEY, SHERRI COOVER, | : | |
| D. GOLDHABER, | : | |
| Defendants. | : | |

**JONES, II    J.**                                                     **December 4, 2015**

### MEMORANDUM

Mark Beckerman ("Plaintiff") brings this action against three attorneys—Don Bailey, Sheri Coover (identified in the caption as Sherri Coover), and Douglas Goldhaber (identified in the caption as D. Goldhaber) (collectively "Defendant Attorneys"). Plaintiff also filed a motion to proceed *in forma pauperis* and a motion for appointment of counsel. For the following reasons, the Court will grant Plaintiff leave to proceed *in forma pauperis*, dismiss the complaint for lack of subject matter jurisdiction, and deny the motion for counsel.

### I.      Background

Plaintiff describes himself as a citizen of Israel and resident of Pennsylvania who is deaf after having undergone six brain surgeries. (Dkt No. 1 [hereinafter Compl.].) Although the complaint is somewhat difficult to read, the Court understands Plaintiff's claims to be based primarily on allegations that Defendant Attorneys defrauded him in various respects. The following facts are taken from the complaint, documents attached to the complaint, and publicly available dockets of proceedings related to this case.

Plaintiff alleges that he retained Don Bailey as his attorney to represent him in an action against Susquehanna Township and his neighbor. A search of this Court's dockets reveals that, in 2005, Mr. Bailey filed an amended complaint on Plaintiff's behalf against Susquehanna Township, Plaintiff's neighbor, and others, based on issues Plaintiff had with his neighbor's dogs

and the police response to his complaints about those dogs.[1] *See Beckerman v. Susquehanna Twp. Police & Administration*, M.D. Pa. Civ. A. No. 05-349. The Honorable William W. Caldwell, who was assigned to the case, granted summary judgment to certain defendants and dismissed plaintiff's claims against other defendants for failure to timely effect service. Plaintiff lost his appeal and was ordered to pay his neighbor's attorneys' fees. *Id.* (*Beckerman*, Dkt No. 47).

Plaintiff alleges that, after he terminated Mr. Bailey, Mr. Bailey sued him in state court and recovered a judgment against him, apparently in connection with a fee dispute. Documents attached to the complaint indicate that Mr. Bailey obtained a default judgment against Plaintiff in 2007, in the amount of $22,224.07. Plaintiff appears to be questioning why he was obligated to pay those fees to Mr. Bailey, especially in light of Mr. Bailey's history of filing frivolous lawsuits and Plaintiff's allegation that he never received a bill from Mr. Bailey or notice of the suit. The complaint also suggests that Plaintiff loaned Mr. Bailey $11,500, which Mr. Bailey never repaid. Public records reveal that in 2013, the Supreme Court of Pennsylvania disciplined Bailey by suspending him from the practice of law for five years. *See Office of Disciplinary Counsel v. Bailey*, No. 11 DB 2011 (Pa. Supreme Ct.).

Sheri Coover—a defendant in the instant case whom Plaintiff identifies as a partner of Mr. Bailey's—represented Mr. Bailey in his case against Plaintiff. Plaintiff appears to be alleging that Ms. Coover had a conflict of interest in representing Mr. Bailey because she had previously represented Plaintiff.

Although unclear, the complaint suggests that Mr. Bailey and other lawyers who are not named as defendants defrauded Plaintiff in light of a threat of deportation that the complaint describes as a "scam." (Compl. at 3.) Those allegations appear to relate to a 2006 letter that Mr. Bailey sent to Plaintiff, a copy of which is attached to the complaint, in which Mr. Bailey indicated that he did not want to report Plaintiff to the police because he did not want to cause legal troubles for plaintiff including, potentially, deportation. Plaintiff also alleges that Mr.

---

[1] The docket reflects that Plaintiff filed the case pro se and subsequently retained Mr. Bailey. In his complaint in the instant action, Plaintiff reiterates allegations raised in his earlier lawsuit, i.e., that he and his puppy had been attacked by his neighbor's dogs and that the police "wouldn't protect [him]." (Compl. at 2.) The Court does not understand Plaintiff to be reasserting claims raised in the prior action, but instead understands those allegations as providing context for his current claims against Mr. Bailey.

Bailey "wouldn't turn [his] files over," (Compl. at 6), and that another attorney who is not named as a defendant cost Plaintiff his house and money, including lottery winnings.

The final Defendant in this case, Douglas Goldhaber, another partner of Mr. Bailey's, represented Plaintiff in a civil action he filed on Plaintiff's behalf in 2006, related to those lottery winnings. *See Beckerman v. Weber*, M.D. Pa. Civ. A. No. 06-1334. According to the amended complaint in that case, Plaintiff won the lottery in 1991, was defrauded out of a portion of his winnings, and was deceived by attorneys who represented him in matters related to the winnings. Plaintiff's claims were dismissed.

In his complaint in the instant case, Plaintiff indicates that the Federal Bureau of Investigation is investigating the "lottery case," apparently for lottery fraud. (Compl. at 4, 6.) Additionally, public records reveal that in 2008, Mr. Goldhaber was suspended from practicing law for three years and ordered to make restitution to certain clients. *See Office of Disciplinary Counsel v. Goldhaber*, 187 DB 2006 (Pa. Supreme Ct.).

Based on those allegations, plaintiff filed the instant civil action. He essentially claims that Defendant Attorneys defrauded him in connection with their representation of him and/or in connection with Mr. Bailey's state court action against him.[2] The relief plaintiff seeks is unclear. Plaintiff also filed a motion for counsel noting that he is elderly and disabled.

## II.    Standard of Review

The Court will grant plaintiff leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As

---

[2] Since filing his complaint, Plaintiff submitted three letters that expound upon his allegations. Although a plaintiff may not amend a complaint via letter, the Court has considered the allegations in those letters in construing Plaintiff's claims and determining whether a basis exists for amendment.

Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.  Discussion

Even giving Plaintiff's complaint the most liberal construction, the Court cannot discern any basis for a federal claim.[3] Instead, Plaintiff's complaint is best construed as raising state tort claims against Defendant Attorneys. The only possible basis for subject matter jurisdiction over those claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, the complaint does not establish that the parties are diverse. To the contrary, the filings in this case indicate that the parties are all citizens of Pennsylvania.[4] Furthermore, the amount in controversy at issue in this case is not entirely clear. Accordingly, the Court lacks subject matter jurisdiction over plaintiff's claims. If he seeks to pursue those claims, he must proceed in state court.

### IV.  Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff's complaint without prejudice to him refiling his state law claims in state court. Plaintiff will not be given leave to file an amended complaint because it appears that he cannot state a claim within the Court's jurisdiction. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court

---

[3] In the event plaintiff sought to raise constitutional claims pursuant to 42 U.S.C. § 1983, he has not stated a claim. "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Plaintiff is suing private attorneys for defrauding him in connection with their representation of him or their pursuit of claims against him. Nothing in the complaint suggests that Defendant Attorneys could plausibly be considered state actors such that they would be subject to liability under § 1983. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Furthermore, as Pennsylvania's two-year statute of limitations applies to any § 1983 claims, there are serious questions as to whether plaintiff's claims are timely in light of the fact that his claims appear to have accrued between 2005 and 2008. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[4] It appears that Plaintiff is a permanent resident of the United States who has lived in Pennsylvania since at least the 1990s. The diversity statute does not grant a district court jurisdiction over "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).

will also deny Plaintiff's motion for counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (indicating that, in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows, which is docketed separately.